UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSIDRO G. ACEVEDO,   )  <br>           )  <br>     Petitioner,   )  <br>           )  <br>   v.        )  <br>           )  <br> STATE OF CALIFORNIA,   )  <br>           )  <br>     Respondent.   )  <br>_____ ) | 1:05-cv-00166-AWI-TAG HC  <br>  <br> ORDER REQUIRING PETITIONER TO  <br> AMEND THE PETITION  <br> (Doc. 1) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On February 7, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). Petitioner alleges six grounds for relief: (1) the trial judge misinstructed the jury on the elements of the charge of possession of ammunition by a felon (count five); (2) Petitioner was denied a full and fair opportunity to litigate a Fourth Amendment violation in the trial court; (3) insufficient evidence of intoxication was presented to establish probable cause to stop Petitioner, a situation aggravated by the ineffective assistance of trial counsel; (4) ineffective assistance of trial counsel at the preliminary hearing; (5) the 1987 conviction used as a predicate for Petitioner's enhanced sentence was not a "serious" felony and was not supported by substantial evidence; and (6) ineffective assistance of appellate counsel in failing to raise issues on appeal that Petitioner claims were meritorious.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**A. Failure To Name A Proper Respondent.**

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as respondent the "State of California". (Doc. 1). However, the State of California is not the warden of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner alleges he is presently is incarcerated at the California Correctional Institution, located at Tehachapi, California. The current warden at that facility is William Sullivan.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd

1  Cir. 1976).   Petitioner therefore must file an amended petition, naming as respondent the

2  individual responsible for day-to-day control over Petitioner.  See, West v. Louisiana, 478 F.2d

3  1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en

4  banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of

5  Washington, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner's failure to name his custodian as a

6  respondent deprives this Court of personal jurisdiction to consider his petition.  Stanley, 21 F.3d

7  at 360; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

8         **B.  Failure to State A Cognizable Federal Claim.**

9      In Ground One, Petitioner argues that the trial court erred when it instructed the jury on

10 the elements of possession of ammunition by a felon.   In Ground Five, Petitioner challenges the

11 1987 conviction for a violation of California Penal Code § 246, which was used as a prior

12 "strike" for sentence enhancement purposes at trial.  In neither of these claims does Petitioner

13 allege a violation of the United States Constitution or Federal law, nor does he argue that he is in

14 custody in violation of the Constitution or Federal law.  Petitioner does not allege that the

15 adjudication of these two claims in state court "resulted in a decision that was contrary to, or

16 involved an unreasonable application of, clearly established Federal law, . . . or resulted in a

17 decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

18     To the contrary, in these two claims, Petitioner raises only a state law issues, and

19 generally, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire,

20 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not

21 lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v.

22 Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one

23 that does not rise to the level of a constitutional violation, may not be corrected on federal

24 habeas").

This Court cannot entertain claims that do not allege a federal constitutional violation. Accordingly, the Court will grant Petitioner leave to file an amended petition so that Petitioner may address the deficiencies in his petition. Petitioner is reminded that this Court will not entertain claims that are conclusory and that this Court will dismiss any claim which does not raise a constitutional violation and demonstrate, with authority, how the state court adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.[1]

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner SHALL AMEND THE PETITION by properly filling out the form petition in its entirety to name the proper respondent and to submit only claims that assert violations of federal constitutional law, within thirty (30) days of the date of service of this order. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original **signed under penalty of perjury**. Petitioner should also note that every pleading to which an amendment is permitted **must be retyped or rewritten and filed so that it is complete**

---

[1] For purposes of filing an amended petition, the Court notes that in Ground One, Petitioner directs the read to "see appeal briefs". (Doc. 1, p. 5). At this stage of the proceedings, the Court has no access to Petitioner's "appeal briefs". It is improper to file a petition that simply makes reference to attached documents or, worse, that references documents not attached and to which the Court has no access. Either type of filing requires the Court to expend a significant amount of time attempting to determine what claims Petitioner is raising and whether he has provided sufficient facts to support those claims. *Such information can and must be provided by Petitioner himself by properly completing the form petition and, if he chooses, submitting a short brief in support of the Petition.* Directing the Court to documents not attached to the Petition is unacceptable and will result in a recommendation that the claim be dismissed.

**in itself without reference to the prior or superseded pleading**.  Local Rule 15-220.

2.  The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254;

Petitioner is forewarned that his failure to comply with this order may result in a recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:     May 12, 2005**                              /s/ Theresa A. Goldner
j6eb3d                                              UNITED STATES MAGISTRATE JUDGE